IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
:
CEPHALON, INC. and CIMA LABS, INC.,   :
:
Plaintiffs,   :   Case No. 08-cv-00455 (UNA)
:
v.   :
:
BARR PHARMACEUTICALS, INC., and   :
BARR LABORATORIES, INC.,   :
:
Defendants.   :
:
---------------------------------------------------------------- x

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Barr Pharmaceuticals, Inc. ("Barr Pharmaceuticals") and Barr Laboratories, Inc. ("Barr Laboratories") (collectively "Barr") by way of Answer to Plaintiffs Cephalon, Inc. ("Cephalon") and Cima Labs, Inc. ("Cima") (collectively, "Plaintiffs") Complaint For Patent Infringement, states as follows:

**AS TO THE PARTIES**

1. Barr is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies the same.

2. Barr is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies the same.

3. Barr admits that Barr Pharmaceuticals is a Delaware corporation, having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

4. Barr admits that Barr Laboratories is a Delaware corporation, having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

5.   Barr admits that Barr Laboratories is a wholly-owned subsidiary of Barr Pharmaceuticals. Barr denies the remaining allegations of Paragraph 5.

6.   Barr admits that Barr Pharmaceuticals conducts its North American operations within the United States generally and the State of Delaware specifically. Barr denies the remaining allegations of Paragraph 6.

## JURISDICTION AND VENUE

7.   Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Plaintiffs' Complaint alleges infringement of United States Patent Nos. 6,200,604 B1 ("the '604 patent") and 6,974,590 B2 ("the '590 patent") under the patent laws of the United States. Barr specifically denies that Plaintiffs are entitled to any relief pursuant to their Complaint.

8.   Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that this Court has subject matter jurisdiction over Plaintiffs' patent infringement claims. Barr specifically denies that Plaintiffs are entitled to any relief pursuant to their Complaint.

9.   Paragraph 9 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr consents to this Court's personal jurisdiction for purposes of the present litigation only.

10.  Paragraph 10 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that venue is proper in this judicial district.

## THE PATENTS IN SUIT

11.  Barr admits that the face page of the '604 patent indicates that it is entitled "Sublingual Buccal Effervescent," and further that the '604 patent issued on March 13, 2001.

2

Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore denies the same.

12. Barr admits that the face page of the '590 patent indicates that it is entitled "Sublingual Buccal Effervescent," and further that the '590 patent issued on December 13, 2005. Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore denies the same.

13. Barr admits that the '604 and '590 patents appear in the Approved Drug Products with Therapeutic Equivalence Evaluations ("Orange Book") for the brand drug FENTORA®. Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and therefore denies the same.

## ACTS GIVING RISE TO THIS ACTION FOR INFRINGEMENT OF THE '604 AND '590 PATENTS

14. Barr admits that Barr Laboratories reviews pharmaceutical patents. Barr denies the remaining allegations of Paragraph 14.

15. Barr admits that Barr Laboratories reviewed both the '604 and '590 patents, as well as certain commercial and economic information relating to the brand drug FENTORA®. Barr denies the remaining allegations of Paragraph 15.

16. Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA under § 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j). Barr further admits that ANDA No. 90-438 seeks FDA approval for the commercial manufacture, use, offer for sale, and/or sale of generic fentanyl citrate buccal tablets containing 0.1, 0.4, 0.6, 0.8 mg of fentanyl citrate ("Barr's ANDA Products"). Barr denies the remaining allegations of Paragraph 16.

17. Barr denies the allegations of Paragraph 17.

18. Barr admits that pursuant to § 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug and Cosmetic Act, in ANDA No. 90-438, Barr alleged that the claims of the '604 patent and the claims of the '590 patent would not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Barr further admits that Barr's Paragraph IV letter and supplemental notification state that Barr has submitted data to the FDA regarding the alleged "bioavailability and/or bioequivalence" of the Barr Generic Products and FENTORA®. Barr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18.

19. Barr denies the allegations of Paragraph 19.

20. This Paragraph IV letter speaks for itself. Barr admits that Barr Laboratories' Paragraph IV letter stated that Barr's ANDA Products would not infringe the Listed Patents. Barr denies the remaining the allegations of Paragraph 20.

21. Barr denies the allegations of Paragraph 21.

22. Barr denies the allegations of Paragraph 22.

23. Paragraph 23 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits the allegations of Paragraph 23.

24. Barr denies the allegations of Paragraph 24.

25. Barr is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies the same

26. Barr denies the allegations of Paragraph 26.

## COUNT I

### Infringement of the '604 Patent Under 35 U.S.C. § 271(e)(2)

27. Barr realleges and incorporates by reference its responses to Paragraphs 1-26 as if fully set forth herein.

28. Paragraph 28 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Further responding, Barr admits that the filing of its ANDA No. 90-438 is a technical act of infringement so as to confer subject matter jurisdiction to this Court. Barr denies the remaining allegations of Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Further responding, Barr admits that the filing of its ANDA No. 90-438 is a technical act of infringement so as to confer subject matter jurisdiction to this Court. Barr denies the remaining allegations of Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Further responding, Barr admits that the

filing of its ANDA No. 90-438 is a technical act of infringement so as to confer subject matter jurisdiction to this Court. Barr denies the remaining allegations of Paragraph 30.

31.     Barr denies the allegations of Paragraph 31.

## COUNT II

### Infringement of the '604 Patent Under 35 U.S.C. § 271(b)

32.     Barr realleges and incorporates by reference its responses to Paragraphs 1-31 as if fully set forth herein.

33.     Barr denies the allegations of Paragraph 33.

34.     Barr denies the allegations of Paragraph 34.

## COUNT III

### Declaratory Judgment of Infringement of the '604 Patent Under 35 U.S.C. § 271

35.     Barr realleges and incorporates by reference its responses to Paragraphs 1-34 as if fully set forth herein.

36.     Paragraph 36 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

37.     Paragraph 37 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that an actual case or controversy exists. Barr denies the remaining allegations of Paragraph 37.

38.     Barr denies the allegations of Paragraph 38.

39.     Barr denies the allegations of Paragraph 39.

40.     Barr denies the allegations of Paragraph 40.

41.     Barr denies the allegations of Paragraph 41.

## COUNT IV

### Infringement of the '590 Patent Under 35 U.S.C. § 271(e)(2)

42. Barr realleges and incorporates by reference its responses to Paragraphs 1-41 as if fully set forth herein.

43. Paragraph 43 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Further responding, Barr admits that the filing of its ANDA No. 90-438 is a technical act of infringement so as to confer subject matter jurisdiction to this Court. Barr denies the remaining allegations of Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Barr Laboratories submitted ANDA No. 90-438 to the FDA to obtain approval under the Food, Drug, and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Barr's ANDA Products throughout the United States, including Delaware. Further responding, Barr admits that the filing of its ANDA No. 90-438 is a technical act of infringement so as to confer subject matter jurisdiction to this Court. Barr denies the remaining allegations of Paragraph 44.

45. Barr denies the allegations of Paragraph 45.

46. Barr denies the allegations of Paragraph 46.

## COUNT V

### Infringement of the '590 Patent Under 35 U.S.C. § 271(b)

47. Barr realleges and incorporates by reference its responses to Paragraphs 1-46 as if fully set forth herein.

48. Barr denies the allegations of Paragraph 48.

49. Barr denies the allegations of Paragraph 49.

## COUNT VI

### Declaratory Judgment of Infringement of the '590 Patent Under 35 U.S.C. § 271

50. Barr realleges and incorporates by reference its responses to Paragraphs 1-49 as if fully set forth herein.

51. Paragraph 51 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that Plaintiffs' claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

52. Paragraph 52 contains legal conclusions to which no answer is required. To the extent an answer is required, Barr admits that an actual case or controversy exists. Barr denies the remaining allegations of Paragraph 52.

53. Barr denies the allegations of Paragraph 53.

54. Barr denies the allegations of Paragraph 54.

55. Barr denies the allegations of Paragraph 55.

56. Barr denies the allegations of Paragraph 56.

## EXCEPTIONAL CASE

57. Barr admits the allegations of Paragraph 57.

58. Barr denies the allegations of Paragraph 58.

59. Barr denies the allegations of Paragraph 59.

60. Barr denies the allegations of Paragraph 60.

61. Barr denies the allegations of Paragraph 61.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The manufacture, use, or sale of the product that is the subject of Barr's ANDA No. 90-438 has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claim of the '604 patent or '590 patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Counterplaintiffs Barr Pharmaceuticals, Inc. ("Barr Pharmaceuticals") and Barr Laboratories, Inc. ("Barr Laboratories") (collectively "Barr"), by way of Counterclaim against Counterdefendants Cephalon, Inc. ("Cephalon") and Cima Labs, Inc. ("Cima"), state as follows:

### PARTIES

1. On information and belief, Cephalon is a Delaware corporation having a principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

2. On information and belief, Cima is a Delaware corporation having a principal place of business at 10000 Valley View Road, Eden Prairie, Minnesota 55344.

3. Barr Pharmaceuticals is a Delaware corporation, having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

4.  Barr Laboratories is a Delaware corporation, having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

## BACKGROUND

**A.  FDA Approval of New Brand-Name Drugs.**

5.  The Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") follows when considering whether to approve both brand-name and generic drugs.

6.  Under the Hatch-Waxman Amendments, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by FDA. *See* 21 U.S.C. § 355.

7.  An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an unauthorized party. *See* 21 U.S.C. §§ 355(b)(1) and (c)(2); 21 C.F.R. §§ 314.53(b) and (c)(2).

8.  Upon approval of the NDA, the FDA publishes patent information for the approved drug in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

**B.  Generic Competition – Abbreviated New Drug Applications ("ANDAs").**

9.  Generic drugs are versions of brand-name prescription drugs that typically contain the same active ingredients, but not necessarily the same inactive ingredients as the brand-name original.

10.  Before 1984, a company that wished to make a generic version of an FDA-approved drug had to file an application containing new studies showing the already-approved drug's safety and effectiveness. Preparing such an application was as time-consuming and costly as the original NDA.

11.  In 1984, however, Congress enacted the Drug Price Competition and Patent Term Restoration Act, also known as the Hatch-Waxman Amendments. *See* Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. § 355 and 35 U.S.C. §§ 156 and 271(e)). Congress passed the Hatch-Waxman Amendments, which simplified the procedure for obtaining approval of generic drugs, for the purpose of decreasing the cost of pharmaceuticals through increased competition. Under the Hatch-Waxman Amendments, a generic manufacturer submits what is called an Abbreviated New Drug Application ("ANDA").

12.  To receive approval of its ANDA, an applicant must show that its generic drug is "bioequivalent" to the listed reference drug. *See* 21 U.S.C. § 355(j)(4)(F).

13.  When filing an ANDA seeking approval of a generic version of a drug listed in the Orange Book, the ANDA applicant must also "certify" that any patent information listed in the Orange Book does not preclude FDA approval of the ANDA applicant's generic version of the drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

14.  A so-called "Paragraph IV" Certification asserts that the listed patent is invalid, unenforceable, and/or will not be infringed and, on that basis, seeks FDA approval of the generic product prior to patent expiration. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

15.  An applicant submitting an ANDA containing a Paragraph IV Certification must notify both the patent holder and NDA holder of its Paragraph IV Certification. *See* 21 U.S.C. § 355(j)(2)(B)(i).

16. Upon receiving notice of the Paragraph IV Certification, the patent holder has 45 days in which to file an infringement suit against the generic manufacturer. *See* 21 U.S.C. § 355(j)(5)(B)(iii); 35 U.S.C. § 271(e)(2)(A).

17. Patent holders have a significant strategic incentive to file suit because doing so, regardless of merit, prevents the FDA from approving the generic maker's ANDA for a period of 30 months. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

18. If the court hearing the infringement action decides the patent is valid, enforceable, and would be infringed by the product proposed in the ANDA, the FDA will not approve the ANDA until the patent expires. *See* 21 U.S.C. § 355(j)(5)(B)(iii). If, however, the court hearing the infringement action rules before the expiration of the 30-month period that the patent is invalid, unenforceable, and/or not infringed, the FDA may approve the ANDA. *Id.*

C. **Barr Laboratories' ANDA.**

19. Barr Laboratories filed ANDA No. 90-438 with the FDA seeking generic approval for a buccal tablet formulation containing fentanyl citrate equivalent to 0.4 mg fentanyl base. The ANDA shows that Barr Laboratories' proposed fentanyl citrate buccal tablet formulation is bioequivalent to the buccal tablet formulation that is the subject of NDA No. 21-947.

20. Because Barr Laboratories seeks FDA approval to market its generic buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base before expiration of the patent that Cephalon and Cima listed in the Orange Book, Barr Laboratories' ANDA includes a Paragraph IV Certification to United States Patent Nos. 6,200,604 B1 ("the '604 patent") and 6,974,590 B2 ("the '590 patent").

**D.      U.S. Patent No. 6,200,604 B1**

21.      The '604 patent states on its face that it was issued on March 13, 2001 to Sathasivan Indiran Pather, Rajendra K. Khankari, Jonathan D. Eichman, Joseph R. Robinson, and John Hontz and assigned to Cima Labs Inc.  Upon information and belief, Cima is the lawful owner by assignment of all rights, title and interest in and to the '604 patent.  As the holder of NDA No. 21-947, Cephalon listed with the FDA the '604 patent, which cover methods of using the approved FENTORA® brand fentanyl buccal tablets.

22.      Cephalon and Cima continue to list the '604 patent in the Orange Book in connection with NDA No. 21-947.

23.      In order to have the '604 patent listed in the Orange Book, the law required Cephalon and Cima to certify to the FDA, under oath, that the '604 patent claims the "drug" fentanyl citrate or a "method of using" fentanyl citrate and is a patent for which a claim of patent infringement could reasonably be asserted against an authorized party.

24.      By bringing suit against Barr, Cephalon and Cima have taken active steps to block Barr Laboratories' attempt to launch a generic buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

25.      The claims of the '604 patent are invalid, unenforceable and/or will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

26.      As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Barr and Cephalon and Cima as to liability for infringement of the '604 patent.

E.  **U.S. Patent Nos. 6,974,590 B2**

27. The '590 patent states on its face that it was issued on December 13, 2005 to Sathasivan Indiran Pather, Rajendra K. Khankari, Jonathan D. Eichman, Joseph R. Robinson, and John Hontz and assigned to Cima Labs Inc. Upon information and belief, Cima is the lawful owner by assignment of all rights, title and interest in and to the '590 patent. As the holder of NDA No. 21-947, Cephalon listed with the FDA the '590 patent, which appears to cover a method of using the approved FENTORA® brand fentanyl buccal tablets.

28. Cephalon and Cima continue to list the '590 patent in the Orange Book in connection with NDA No. 21-947.

29. In order to have the '590 patent listed in the Orange Book, the law required Cephalon and Cima to certify to the FDA, under oath, that the '590 patent claims the "drug" fentanyl citrate or a "method of using" fentanyl citrate and is a patent for which a claim of patent infringement could reasonably be asserted against an authorized party.

30. By bringing suit against Barr, Cephalon and Cima have taken active steps to block Barr Laboratories' attempt to launch a generic buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

31. The claims of the '590 patent are invalid, unenforceable and/or will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

32. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Barr and Cephalon and Cima as to liability for infringement of the '590 patent.

## JURISDICTION AND VENUE

33. Barr realleges and incorporates by reference the allegations of Paragraphs 1-32 as if fully set forth herein.

34. Present, genuine, and justiciable controversies exist between Barr and Cephalon and Cima regarding the '604 and '590 patents.

35. Subject matter jurisdiction over this counterclaim is proper under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

36. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNT

### Declaration of Noninfringement of the '604 Patent

37. Barr realleges and incorporates by reference the allegations of Paragraphs 1-36 as if fully set forth herein.

38. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '604 patent will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

39. A present, genuine and justiciable controversy exists between Barr and Cephalon and Cima regarding, *inter alia*, the issue of whether the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would infringe one or more claims of the '604 patent.

40. The manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would not infringe any valid and/or enforceable claim of the '604 patent.

41. Barr is entitled to a declaration that the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would not infringe any valid and/or enforceable claims of the '604 patent. Barr is further entitled to a declaration that this case is an exceptional one and a ruling that it is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## SECOND COUNT

### Declaration of Noninfringement of the '590 Patent

42. Barr realleges and incorporates by reference the allegations of Paragraphs 1-41 as if fully set forth herein.

43. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that the claims of the '590 patent will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.

44. A present, genuine and justiciable controversy exists between Barr and Cephalon and Cima regarding, *inter alia*, the issue of whether the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would infringe one or more claims of the '590 patent.

16

45. The manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would not infringe any valid and/or enforceable claim of the '590 patent.

46. Barr is entitled to a declaration that the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base would not infringe any valid and/or enforceable claims of the '590 patent. Barr is further entitled to a declaration that this case is an exceptional one and a ruling that it is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## **REQUEST FOR RELIEF**

WHEREFORE, Counterplaintiffs Barr Pharmaceuticals, Inc. and Barr Laboratories, Inc. respectfully request that this Court enter a Judgment and Order in their favor and against Counterdefendants Cephalon, Inc. and Cima Labs, Inc. as follows:

(a) denying plaintiff'/counterdefendants' prayer for relief;

(b) declaring that Barr has not infringed any valid and enforceable claim of U.S. Patent Nos. 6,200,604 B1 and 6,974,590 B2;

(c) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Barr its attorneys' fees, costs and expenses in this action; and

(d) awarding Barr any further and additional relief as the Court deems just and proper.

Dated: August 12, 2008   By: _____
John C. Phillips, Jr. (#110)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200 (telephone)
(302) 655-4210 (facsimile)
jcp@pgslaw.com

**OF COUNSEL:**
George C. Lombardi
Michael K. Nutter
Keith R. Pozulp
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600 (telephone)
(312) 558-5700 (facsimile)