IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEPHALON, INC. and CIMA LABS, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>BARR PHARMACEUTICALS, INC., and<br>BARR LABORATORIES, INC.,<br><br>　　　　　　Defendants. | Case No. 08-cv-00455-JJF |

## ANSWER TO COUNTERCLAIMS

Plaintiffs Cephalon, Inc. and CIMA LABS, INC. (collectively, "Plaintiffs") reply to the corresponding paragraphs of Defendants Barr Pharmaceuticals, Inc.'s and Barr Laboratories, Inc.'s (collectively, "Defendants" or "Barr"), Counterclaims for Declaratory Judgment (hereinafter "Counterclaims"), as follows:

### THE PARTIES

1.　Plaintiffs admit that Cephalon, Inc. is a Delaware corporation having a principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

2.　Plaintiffs admit that CIMA LABS, INC. is a Delaware corporation having a principal place of business at 10000 Valley View Road, Eden Prairie, Minnesota 55344.

3.　Plaintiffs admit that Barr Pharmaceuticals is a Delaware corporation having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

4.　Plaintiffs admit that Barr Laboratories is a Delaware corporation, having a principal place of business at 223 Quaker Road, Pomona, New York, 10970.

## BACKGROUND

A. **FDA Approval of New Brand-Name Drugs.**

5. Paragraph 5 contains legal conclusions to which no answer is required. To the extent an answer is required, FDCA, 21 U.S.C. § 301 *et seq.*, and any other applicable statutory provisions, speak for themselves.

6. Paragraph 6 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355, and any other applicable statutory provisions, speak for themselves.

7. Paragraph 7 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(b)(1), and any other applicable statutory provisions, speak for themselves, and (c)(2); 21 C.F.R. §§ 314.53(b) and (c)(2), and any other applicable regulations, speak for themselves.

8. Paragraph 8 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(7)(A)(iii), and any other applicable statutory provisions, speak for themselves.

B. **Generic Competition – Abbreviated New Drug Applications ("ANDAs").**

9. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Counterclaims, and therefore deny them.

10. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Counterclaims, and therefore deny them.

11. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Counterclaims, and therefore deny them.

12. Plaintiffs admit that one requirement of obtaining approval of an ANDA is demonstrating that the generic drug is bioequivalent to the listed drug. Plaintiffs deny the remaining allegations of paragraph 12 of the Counterclaims.

13. Paragraph 13 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12), and any other applicable statutory provisions, speak for themselves.

14. Paragraph 14 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(2)(A)(vii)(IV) , and any other applicable statutory provisions, speak for themselves.

15. Paragraph 15 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(2)(B)(i), and any other applicable statutory provisions, speak for themselves.

16. Paragraph 16 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(5)(B)(iii); 35 U.S.C. § 271(e)(2)(A), and any other applicable statutory provisions, speak for themselves.

17. Denied.

18. Paragraph 18 contains legal conclusions to which no answer is required. To the extent an answer is required, 21 U.S.C. §§ 355(j)(5)(B)(iii), and any other applicable statutory provisions, speak for themselves.

**C.    Barr Laboratories' ANDA.**

19.    Plaintiffs are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the Counterclaims, and therefore deny them.

20.    Paragraph 20 contains legal conclusions to which no answer is required. To the extent an answer is required, it is admitted that Barr Laboratories is seeking to market a product that would infringe United States Patent Nos. 6,200,604 B1 and 6,974,590 B2.

**D.    U.S. Patent No. 6,200,604 B1**

21.    Plaintiffs admit that on its face the '604 patent lists Sathasivan Indiran Pather, Rajendra K. Khankari, Jonathan D. Eichman, Joseph R. Robinson and John Hontz as inventors. Plaintiffs admit that on its face the '604 patent lists CIMA Labs Inc. as an assignee. Plaintiffs admit that CIMA Labs Inc. is the lawful owner by assignment of all rights, title and interest in and to the '604 patent. Plaintiffs admit that Cephalon is the holder of NDA No. 21-947 and that Cephalon listed with the FDA the '604 patent, which covers methods of using FENTORA® brand fentanyl buccal tablets.

22.    Plaintiffs admit that the '604 patent continues to be listed in the Orange Book in connection with NDA No. 21-947. Plaintiffs deny the remaining allegations of paragraph 22 of the Counterclaims.

23.    Plaintiffs admit that the '604 patent claims cover a method of using certain fentanyl citrate formulations. To the extent that paragraph 23 contains legal conclusions, no answer is required. Plaintiffs deny the remaining allegations of paragraph 23 of the Counterclaims.

4

24. Plaintiffs admit that they brought this action, *inter alia*, under the provisions of the Hatch-Waxman Act and the Patent Act. Plaintiffs deny the remaining allegations of paragraph 24 of the Counterclaims.

25. Denied.

26. Plaintiffs admit there is a justiciable controversy between Barr and the Plaintiffs with respect to Defendants' liability for infringement of the '604 patent. Plaintiffs deny the remaining allegations of paragraph 26 of the Counterclaims.

**E.    U.S. Patent No. 6,974,590 B2**

27. Plaintiffs admit that on its face the '590 patent lists Sathasivan Indiran Pather, Rajendra K. Khankari, Jonathan D. Eichman, Joseph R. Robinson and John Hontz as inventors. Plaintiffs admit that on its face the '590 patent lists CIMA Labs Inc. as an assignee. Plaintiffs admit that CIMA Labs Inc. is the lawful owner by assignment of all rights, title and interest in and to the '590 patent. Plaintiffs admit that Cephalon is the holder of NDA No. 21-947 and that Cephalon listed with the FDA the '590 patent, which covers methods of using FENTORA® brand fentanyl buccal tablets

28. Plaintiffs admit that the '590 patent continues to be listed in the Orange Book in connection with NDA No. 21-947. Plaintiffs deny the remaining allegations of paragraph 28 of the Counterclaims.

29. Plaintiffs admit that the '590 patent claims cover a method of using certain fentanyl citrate formulations. To the extent that paragraph 29 contains legal conclusions, no answer is required. Plaintiffs deny the remaining allegations of paragraph 29 of the Counterclaims.

30. Plaintiffs admit that they brought this action, *inter alia*, under the provisions of the Hatch-Waxman Act and the Patent Act. Plaintiffs deny the remaining allegations of paragraph 30 of the Counterclaims.

31. Denied.

32. Plaintiffs admit there is a justiciable controversy between Barr and the Plaintiffs with respect to Defendants' liability for infringement of the '590 patent. Plaintiffs deny the remaining allegations of paragraph 32 of the Counterclaims.

## JURISDICTION AND VENUE

33. Plaintiffs incorporate by reference the responses to the allegations of Paragraphs 1-32 of the Counterclaims as if fully set forth herein.

34. Paragraph 34 contains legal conclusions to which no answer is required. To the extent an answer is required Plaintiffs admit there is a justiciable controversy between Barr and the Plaintiffs with respect to Defendants' liability for infringement of the '604 and '590 patents. Plaintiffs deny the remaining allegations of paragraph 34 of the Counterclaims.

35. Paragraph 35 contains legal conclusions to which no answer is required. To the extent an answer is required, Plaintiffs admit that this Court has subject matter jurisdiction over Barr's claims. Plaintiffs specifically deny that Barr is entitled to any relief pursuant to their counterclaims.

36. Plaintiffs admit that venue is proper to adjudicate Defendants' Counterclaims. Plaintiffs deny the remaining allegations of paragraph 36 of the Counterclaim.

## FIRST COUNT

### Declaration of Noninfringement of the '604 Patent

37. Plaintiffs incorporate by reference the responses to the allegations of Paragraphs 1-36 of the Counterclaims as if fully set forth herein.

38. Plaintiffs admit that Defendants' Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs further admit that Defendants seek a declaration that the claims of the '604 patent will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base. Plaintiffs deny the remaining allegations of paragraph 38 of the Counterclaims. On information and belief Plaintiffs deny that such relief would be proper.

39. Plaintiffs admit there is a justiciable controversy between Barr and the Plaintiffs with respect to Defendants' liability for infringement of the '604 patent. Plaintiffs deny the remaining allegations of paragraph 39 of the Counterclaims.

40. For the reasons set forth in Paragraphs 27-41 of the Complaint, Plaintiffs deny the remaining allegations of Paragraph 40 of the Counterclaims

41. For the reasons set forth in Paragraphs 27-41 of the Complaint, Plaintiffs deny the remaining allegations of Paragraph 41 of the Counterclaims.

## SECOND COUNT

### Declaration of Noninfringement of the '590 Patent

42. Plaintiffs incorporate by reference the responses to the allegations of Paragraphs 1-41 of the Counterclaims as if fully set forth herein.

43.  Plaintiffs admit that Defendants' Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Plaintiffs further admit that Defendants seek a declaration that the claims of the '590 patent will not be infringed by the manufacture, use or sale of Barr Laboratories' buccal tablet formulation containing fentanyl citrate equivalent to 0.1, 0.4, 0.6, 0.8 mg fentanyl base.  Plaintiffs deny the remaining allegations of paragraph 43 of the Counterclaims.  On information and belief Plaintiffs deny that such relief would be proper.

44.  Plaintiffs admit there is a justiciable controversy between Barr and the Plaintiffs with respect to Defendants' liability for infringement of the '590 patent.  Plaintiffs deny the remaining allegations of paragraph 44 of the Counterclaims.

45.  For the reasons set forth in Paragraphs 42-56 of the Complaint, Plaintiffs deny the remaining allegations of Paragraph 45 of the Counterclaims

46.  For the reasons set forth in Paragraphs 42-56 of the Complaint, Plaintiffs deny the remaining allegations of Paragraph 46 of the Counterclaims.

## PRAYER FOR RELIEF

Plaintiffs deny Defendants are entitled to the relief requested.

9

| | |
|---|---|
| Dated: September 4, 2008 | FISH & RICHARDSON P.C. |
| | |
| | By: /s/ *Douglas E. McCann* |
| | William J. Marsden, Jr. (#2247) |
| | Douglas E. McCann (#3852) |
| | 919 N. Market Street |
| | Suite 1100 |
| | P.O. Box 1114 |
| | Wilmington, DE  19899-111 |
| | (302) 652-5070 |
| | marsden@fr.com |
| | dmccann@fr.com |
| | |
| Of Counsel: | *Attorneys for Plaintiffs* |

Duane-David Hough
FISH & RICHARDSON P.C.
Citigroup Center
52nd Floor
153 East 53rd Street
New York, NY  10022-4611
(212) 765-5070

Jonathan E. Singer
FISH & RICHARDSON P.C.
60 South Sixth Street
3300 RBC Plaza
Minneapolis, MN  55402
(612) 335-5070